**XIU FENG DONG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

No. 04–2802–AG.

United States Court of Appeals,
Second Circuit.

Feb. 22, 2006.

Edward J. Cuccia, Ferro & Cuccia, New York, NY, for Petitioner.

Fletcher Jackson, Assistant United States Attorney (Bud Cummins, United States Attorney for the Eastern District of Arkansas, on the brief), United States Attorney's Office for the Eastern District of Arkansas, Little Rock, AR, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. JOSÉ A. CABRANES, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 22nd day of February, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiu Feng Dong, a native and citizen of the People's Republic of China, petitions for review of an April 22, 2004 order of the BIA affirming without opinion a December 22, 2002 decision of an immigration judge's ("IJ") denying his application for asylum and withholding of removal.

Dong based his asylum and withholding claims on claimed persecution by China's family planning authorities, whom he said forced his wife to undergo insertion of an intrauterine device ("IUD") and threatened him with sterilization after the birth of their first child. He argued also that because his wife had a second child while in the United States, he would be persecuted upon return to China. The IJ denied Dong's claims upon a finding that he was not credible.

We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004).

▇ The IJ's adverse credibility determination was supported by substantial evidence. The IJ accurately observed that Dong's wife could not confirm whether Dong went with her into hiding at her mother's home when she fled family planning officials. When first asked about this matter, she responded, "he went with me to hiding, but he didn't go with me … He went to his, another relative's." When pressed for details, she stated she was "not really quite sure" whether Dong had left with her or not. This testimony clearly contradicted Dong's testimony, which indicated Dong stayed at home and continued to work.

The IJ also correctly found that Dong's wife's testimony, indicating that the family planning officials had attempted to apprehend her at her mother's home on two occasions, contradicted Dong's testimony. Dong testified that his wife did not have problems with the family planning officials prior to her IUD insertion in March 1993. In contrast, although Dong's wife initially testified that she did not have problems while staying at her parents' home, she then stated that the officials had come to her parents' home to look for her prior to March 1993, but that she had been hiding at a neighbor's home. Further, when asked whether she had informed her husband that the officials had searched for her at her parent's home, she initially responded in the affirmative, but then denied that she had informed him of the incident after being told that he never mentioned it in his testimony or in his application. In light of this inconsistency between Dong's and his wife's testimony, the IJ appropriately found that this portion of Dong's wife's testimony undermined his credibility.

In addition, the IJ accurately observed that Dong's wife testified to having received a written notice for an IUD insertion, but that Dong had omitted mention of this receipt from his testimony and amendment to his asylum application. In fact, Dong had indicated in both his testimony and amendment that his supervisor had told him in person to have his wife undergo IUD insertion. While a verbal order does not exclude the possibility that a written notice would have also been sent to their home, Dong's omission suggests that they were informed about the IUD insertion only verbally. In any event, there exists a discrepancy between Dong's and his wife's accounts of how they were notified about the IUD insertion.

These inconsistencies bear a "legitimate nexus" to Dong's claim that his wife was forced to undergo an IUD insertion, and therefore afford substantial evidence to support the IJ's adverse credibility determination. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005).

▇ Furthermore, Dong's assertion that he would be subjected to forced sterilization or other persecution on account of having two children, one of whom was born in the United States, was speculative at best under our decision in *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Although Dong provided State Department reports describing the family planning policy in China, Dong failed to provide solid evidence of any risk that it would be implemented specifically against him, due to having two children, and considering that one child was born outside of China.

Notwithstanding any purported flaws in the IJ's decision, remand is not warranted

here. The IJ rested his denial of Dong's asylum and withholding of removal claims on alternative sustainable grounds, and we can state with confidence that the IJ would reach the same result on remand. *See Xiao Ji Chen v. DOJ,* 434 F.3d 144, 161–62 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).